**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| ROY A. CALL, | : | CASE NO. 3:13-cv-133 |
| | : | |
| Plaintiff, | : | Judge Rose |
| | : | |
| v. | : | |
| | : | **ANSWER OF DEFENDANTS, CITY** |
| CITY OF RIVERSIDE, OHIO, *et al.*, | : | **OF RIVERSIDE, OHIO, HAROLD** |
| | : | **JONES AND MATTHEW JACKSON,** |
| Defendants. | : | **TO PLAINTIFF'S COMPLAINT** |
| | : | |

Now come Defendants, City of Riverside, Ohio ("City" or "Riverside"), Harold Jones ("Sgt. Jones"), and Matthew Jackson ("Officer Jackson") (collectively, "Defendants"), by and through counsel, and as and for their Answer state as follows:

## NATURE OF THE CASE

1. Answering Paragraph 1, Defendants deny that any of Plaintiff's constitutional rights were violated and therefore deny the allegations as written.

## 42 U.S.C. § 1983 CIVIL RIGHTS ACTION

2. Answering Paragraph 2, Defendants deny that any of Plaintiff's constitutional rights were violated and therefore deny the allegations as written.

## JURISDICTION

3. Answering Paragraph 3, Defendants admit that jurisdiction is proper but deny that any of Plaintiff's constitutional rights were violated and therefore to the extent this paragraph alleges any facts, those facts are denied.

## VENUE

4. Answering Paragraph 4, Defendants admit that venue is proper but deny that any of Plaintiff's constitutional rights were violated and therefore to the extent this paragraph alleges any facts, those facts are denied.

## PARTIES

5. Answering Paragraph 5, Defendants are without specific knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and therefore deny the same.

6. Answering Paragraph 6, Defendants admit the allegations therein.

7. Answering Paragraph 7, Defendants admit that the City of Riverside employed Sgt. Jones and Officer Jackson as police officers. Defendants deny the remaining allegations therein.

8. Answering Paragraph 8, Defendants are without specific knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and therefore deny the same.

## FACTUAL ALLEGATIONS

9. Answering Paragraph 9, Defendants admit that Plaintiff entered a Speedway gas station located at 3201 Valley Pike, Riverside, Ohio 45424 in the early morning hours of August 28, 2012. Defendants are without specific knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth therein, and therefore deny the same.

10. Answering Paragraph 10, Defendants admit that Sgt. Jones motioned for Plaintiff to come outside. Defendants are without specific knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and therefore deny the same.

11. Answering Paragraph 11, Defendants admit that Plaintiff came outside the Speedway gas station and that Sgt. Jones asked Plaintiff why he was openly carrying a firearm. Defendants deny the remaining allegations therein.

12. Answering Paragraph 12, Defendants admit that Sgt. Jones temporarily held Plaintiff's firearm for Sgt. Jones' safety and for the safety of others. Defendants deny the remaining allegations therein.

13. Answering Paragraph 13, Defendants admit that Sgt. Jones handcuffed Plaintiff. Defendants deny the remaining allegations therein.

14. Answering Paragraph 14, Defendants admit Sgt. Jones placed Plaintiff in the back seat of his police cruiser and left the door to the back seat open. Defendants deny the remaining allegations therein.

15. Answering Paragraphs 15, 17, 22, 29, 30, 31, and 32, Defendants deny the allegations therein.

16. Answering Paragraph 16, Defendants admit that Officer Jackson arrived at the scene in response to a call for back-up placed by Sgt. Jones. Defendants deny the remaining allegations therein.

17. Answering Paragraph 18, Defendants admit that Plaintiff's vehicle was searched for identification. Defendants deny the remaining allegations therein.

18. Answering Paragraph 19, Defendants admit that Plaintiff's identification and CCW card were discovered. Defendants deny the remaining allegations therein.

19. Answering Paragraph 20, Defendants admit that Plaintiff mentioned the Second Amendment. Defendants deny the remaining allegations therein.

20. Answering Paragraph 21, Defendants admit that Plaintiff mentioned Section 9.68 of the Ohio Revised Code. Defendants deny the remaining allegations therein.

21. Answering Paragraph 23, Defendants admit that Plaintiff was carrying a recording device. Defendants deny the remaining allegations therein.

22. Answering Paragraph 24, Defendants admit that Sgt. Jones and Officer Jackson filed reports and that some information was obtained from L.E.A.D.S. and/or the Dayton Field Interview System. Defendants deny the remaining allegations therein.

23. Answering Paragraph 25, Defendants admit that Sgt. Jones and Officer Jackson filed reports. Defendants deny the remaining allegations therein.

24. Answering Paragraph 26, Defendants admit that Plaintiff was cited for obstruction of official business. Defendants deny the remaining allegations therein.

25. Answering Paragraph 27, Defendants admit that Mayor Flaute sent an e-mail that included the quoted statement set forth therein. Defendants deny the remaining allegations therein.

26. Answering Paragraph 28, Defendants admit the citation was dismissed. Defendants deny the remaining allegations therein.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983 CONSPIRACY TO VIOLATE PLAINTIFF'S 2ND, 4TH, 5TH AND 14TH AMENDMENT RIGHTS**

Defendants restate and reaver Paragraphs 1-26 of their Answer to Plaintiff's Complaint.

27. Answering Paragraphs 33 and 34, Defendants deny the allegations therein.

4

## SECOND CLAIM FOR RELIEF

## 42 U.S.C. § 1983 VIOLATION OF PLAINTIFF'S 2ND, 4TH, 5TH AND 14TH AMENDMENT RIGHTS

Defendants restate and reaver Paragraphs 1-27 of their Answer to Plaintiff's Complaint.

28. Answering Paragraphs 35 and 36, Defendants deny the allegations therein.

## THIRD CLAIM FOR RELIEF
## CONSPIRACY TO VIOLATE PLAINTIFF'S OHIO CONSTITUTIONAL RIGHTS UNDER ARTICLE I, §§ 1, 4, 10, 11 AND 14

Defendants restate and reaver Paragraphs 1-28 of their Answer to Plaintiff's Complaint.

29. Answering Paragraphs 37 and 38, Defendants deny the allegations therein.

## FOURTH CLAIM FOR RELIEF
## VIOLATIONS OF PLAINTIFF'S OHIO CONSTITUTIONAL RIGHTS UNDER ARTICLE I, §§ 1, 4, 10, 11 AND 14

Defendants restate and reaver Paragraphs 1-29 of their Answer to Plaintiff's Complaint.

30. Answering Paragraphs 39 and 40, Defendants deny the allegations therein.

## FIFTH CLAIM FOR RELIEF
## COMMON LAW TORTS

Defendants restate and reaver Paragraphs 1-30 of their Answer to Plaintiff's Complaint.

31. Answering Paragraphs 41, 42, 43, 44, 45, and 46, Defendants deny the allegations therein.

## ADDITIONAL DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Some or all of Plaintiff's Complaint may be barred by the applicable statutes of limitations.

3. Plaintiff has failed to join all parties proper, necessary, and indispensable for a just adjudication of the captioned matter.

5

4. Some or all of Plaintiff's Complaint may be barred by the doctrines of *res judicata* and collateral estoppel, waiver, estoppel and laches.

5. Some or all of Plaintiff's Complaint may be barred by the Intracorporate Conspiracy Doctrine.

6. Plaintiff has failed to mitigate his damages, if any.

7. Plaintiff has suffered no compensable damages as a result of the actions of Defendants.

8. At all times, Defendants acted in accordance with the Constitution of the United States, the Constitution of the State of Ohio, all Ohio statutory provisions, and all state and local laws relative thereto.

9. At all times, Defendants acted reasonably, lawfully, and in good faith.

10. If Defendants performed any wrongful acts, which are specifically denied, such acts were not performed knowingly, purposely, with malicious purpose, in bad faith, intentionally, recklessly, willfully or wantonly.

11. If Plaintiff was injured or damaged, any and all such injury or damage was caused by the sole actions of Plaintiff.

12. All actions taken by the Defendant were in compliance with all laws, were privileged, and absolutely privileged.

13. Plaintiff's claim for punitive damages is in violation of the Ohio and United States Constitutions, state, federal and the common law.

14. Plaintiff's claims are barred by the doctrine of sovereign immunity.

15. Some or all of Plaintiff's claims are precluded by virtue of the immunity provided by Ohio Revised Code §§ 2744.01 *et seq.*

16. Plaintiff's damages, if any, may be subject to setoff.

17. Any damages awarded in this case may be subject to limitation and/or reduction pursuant to Ohio Revised Code §§ 2744.05, 2315.18, 2315.20, 2323.56 and 2315.21.

18. Plaintiff's claims are precluded by virtue of the absolute and/or qualified immunity granted to Defendant, by law, including but not limited to good faith immunity and the immunity provided by Ohio Revised Code §§ 2744.01 *et seq.*, and all other applicable statutory immunity.

19. Defendant respectfully reserves the right to assert any additional affirmative defenses that may be revealed during the course of discovery.

**WHEREFORE**, Defendants, City of Riverside, Ohio, Harold Jones, and Matthew Jackson, request that this Court dismiss Plaintiff's Complaint with an Order that their attorneys' fees and costs be paid as provided under applicable law.

    Respectfully submitted,

    SURDYK, DOWD & TURNER, CO., L.P.A.

    /s/ Dawn M. Frick
    Jeffrey C. Turner (0063154)
    Dawn M. Frick (0069068)
    Kevin A. Lantz (0063822)
    One Prestige Place, Suite 700
    Miamisburg, OH 45342
    (937) 222-2333
    (937) 222-1970 (fax)
    jturner@sdtlawyers.com
    dfrick@sdtlawyers.com
    klantz@sdtlawyers.com
    *Trial Counsel for Defendants, City of Riverside, Ohio, Harold Jones, and Matthew Jackson*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that I electronically filed the foregoing on the 25th day of June 2013, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Charles E. McFarland
338 Jackson Road
New Castle, Kentucky 40050
*Attorney for Plaintiff, Roy A. Call*

                                      /s/ Dawn M. Frick
                                      Dawn M. Frick (0069068)