IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ROY A. CALL, | : | |
| Plaintiff | : | Case Number 3:13-cv-133 |
| vs. | : | Judge Rose |
| CITY OF RIVERSIDE, *et al*, | : | |
| Defendants. | : | |

**Plaintiff Call's Brief Supporting Position that Rule 26(a)(2)(B)
Does Not Require A Report From A Non-retained Expert Witness**

Now comes Plaintiff Roy Call, through his attorney and pursuant to the Court's order of March 27, 2014, and hereby submits his brief supporting his position that Rule 26(a)(2)(B) does not require a report with the disclosure of an expert that is not retained by the party. A Memorandum supporting this brief is set forth below.

## MEMORANDUM

**A. Background.**

On February 10, 2014 Plaintiff Roy Call served on the Defendants' attorneys a designation of witnesses, which included a designation of expert witness Lieutenant Harry Thomas. The designation of witnesses is attached as Exhibit A. A certificate of service of the designation of witnesses was filed with the Court at doc #15 on the same day.

37 days later, on March 19, 2014, Kevin Lantz, one of the attorneys for the Defendants, sent an e-mail indicating that he had not received a report, which he believed was required under Rule 26(a)(2)(B). The e-mail is .attached as Exhibit B.  Counsel for Call responded by e-mail on the same day, explaining that his expert was not retained and a report was not required under Rule 26(a)(2)B). The response e-mail is attached as Exhibit C. An attachment to the e-mail was a

recent case addressing expert witnesses, *The Little Hocking Water Assn., Inc. v. E.I. DuPount De Nemours & Co., Case* #2:09-cv-1081, 2013 U.S. Dist. Lexis 180627 (S.D.OH, December 27, 2013).

The Defendants' attorney responded with an e-mail on March 20, 2014, attached as Exhibit D. An attachment to Attorney Lantz's e-mail was the case of *Downey v. Bob's Discount Furniture Holdings, Inc.,* 633 F.3d 1, 6 (1st Cir. 2011). Lantz's response disagreed with Call's position, citing the *Downey* case which he claimed supported his position. On March 21, 2014 Call's counsel responded in an e-mail that explained in detail why the cases cited in the March 20th e-mail, especially the Downey case, did not support the Defendants' position.  The March 21st e-mail is attached as Exhibit E. Attorney Lantz responded with an e-mail on March 21, 2014, attached as Exhibit F, in which he cited a case claiming that the issue of whether an expert witness is compensated or not is irrelevant. Thus, the unresolved issue between the parties is whether an expert witness, who was not retained by the party disclosing him as an expert witness, must provide a report under Rule 26(a)(2)(B), even though he was not hired or paid compensation for his testimony.

As a result of these e-mail discussions, the parties agreed to have a telephone conference with the magistrate. On March 27, 2014 a telephone conference was held with Magistrate Judge Michael J. Newman. Magistrate Newman ordered simultaneous briefs to be filed on or before April 7, 2014.

**B.  Non-retained Expert Witnesses Not Required To Submit Report.**

**1.  The Requirements of the Rules.**

The rules at issue in this case are Rule 26(a)(2)(B) and Rule 26 (a)(2)C). Rule (a)(2) addresses the disclosure of expert witnesses and states:

> **(2) Disclosure of Expert Testimony.**
> **(A) In General.** In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
> **(B) Witnesses Who Must Provide a Written Report.** Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report - prepared and signed by the witness - if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>> (ii) the facts or data considered by the witness in forming them;
>> (iii) any exhibits that will be used to summarize or support them;
>> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>> (vi) a statement of the compensation to be paid for the study and testimony in the case.
>
> **(C) Witnesses Who Do Not Provide a Written Report**. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>> (ii) a summary of the facts and opinions to which the witness is expected to testify.

At the outset it must be noted that Rule 26(a)(2)(B) makes reference to two different types of expert witnesses, see *Downey v. Bob's Discount Furniture Holdings, Inc.,* 633 F.3d 1, 6 (1st Cir. 2011). They are:

1. A witness that is retained or specially employed to provide expert testimony in the case; or
2. A witness whose duties as the party's employee regularly involve giving expert testimony.

There is, however, a third type of expert witness that is not covered by Rule 26(a)(2)(B) and that is a non-retained witness, or an expert witness that has not been retained to provide expert witness testimony. This type of witness is not required to file a report. Pursuant to Rule

3

26(a)(2)(C) a non-retained expert witness is only required to provide a summary. Rule 26(a)(2)(C) is a recent amendment to Rule 26(a) that became effective on December 1, 2010. The case of *Coleman v American Family Mut. Ins. Co.*, 274 F.R.D. 641, 645 (N.D. Ind. 2011) explained the need for the amendment at page 645,

> However, after *Meyers* was decided, Rule 26 was amended effective December 2010, to resolve the tension that led some courts to require expert reports of non-retained experts. The amendments did not alter who was required to file an expert report under the rule and explained that an expert "retained or specially employed" must submit a complete expert report. Rule 26(a)(2)(B). ***However, subpart C was added mandating summary disclosures in place of complete expert reports, of the opinions to be offered by expert witnesses who were not retained or specially employed to give expert testimony.*** Rule 26(a)(2)(C). The Committee Notes explain that common examples of experts required to submit summary disclosures include physicians or other health care professionals. Rule 26 (Committee Notes, 2010 amendments). ***The amendment attempts to clarify the distinction between an expert retained for the purpose of providing expert testimony and non-retained experts.*** See Rule 26(a)(2)(C) and Committee Notes ***(stating that non-retained witnesses must provide "a summary of the facts and opinions to which the witness is expected to testify.")***; Rule 26 (Committee Notes, 2010 amendments); *Crabbs v. Wal-Mart Stores, Inc.,* 2011 WL 499141, *1 (S.D.Ind. Feb. 4, 2011) (explaining amendments to Rule 26 to determine if treating physician must provide an expert report).
> (Emphasis added)

See also *Allstate Ins. Co. v. Nassiri*, No. 2:08-cv-00369-JCM-GW F, 2011 WL 2975461, at pages 10-12 (D. Nev. July 21, 2011) for the same conclusion.

**2. Retained v. Non-Retained.**

It is well settled that the interpretation of the law begins with the plain language of the statute or rule, see *Downey*, *supra*, 633 F.3d at 6. Webster's Dictionary defines "retain" as "to hire, or arrange in advance for the services of, by paying a retainer." Thus, the beginning question is whether the expert witness was hired or paid for his testimony. If he was, the expert witness is required to provide a report under Rule 26(a)(2)(B). If the expert witness was not hired or paid, then only a summary of his testimony is required pursuant to Rule 26 (a)(2)(C).

4

The *Downey* case supports this conclusion because it started with the question of whether the expert (the exterminator) in that case, Gordinier, was "retained or specially employed," *id*. Gordinier was hired by Downey as an experimenter to deal with a bed bug infestation. Thus, he was a fact witness. But, he was also called, though not retained, to testify as an expert on bedbug infestations. Once the court determined that Gordineir was not retained in the ordinary since of the word, it moved on to the question of whether he was a "percipient witness who happens to be an expert and an expert who with prior knowledge of the facts giving rise to the litigation is recruited [hired or engaged for the services of – Webster's Dictionary] to provide expert testimony," *id*. *Downey's* description is defined in numerous other courts as a "hybrid fact/expert witness." For examples see *American Property Construction Company v. Sprenger Lang Foundation*, 274 F.R.D. 1, 3-4 (D.D.C. 2011) and *Farris v. Intel Corp.*, 493 F.Supp.2d 1174 1179-1180 (D.N.M. 2007).

Thus, pursuant to the plain meaning of Rule 26(a)(2)(B), Plaintiff Roy Call properly disclosed his non-retained expert in full compliance with Rule 26(a)(2)(C).

### 3    Retained v. No Compensation.

In his e-mail on March 21, 2014 (Exhibit F), Attorney Lantz opined that

> "The issue is whether Lt. Thomas is retained or specially employed. Whether his being compensated or even volunteering is 'irrelevant for purposes of Rule 26' when determining if he is 'retained or specially employed.' *Spears v. United States*, no. 13-CV-47-DAE, 2014 WL 258766, *8 (W.D. Tex. , Jan. 23, 2014)."

This opinion is contrary to Rule 26(a)(2)(B) and renders Rule 26(a)(2)(C) superfluous.

After Call's attorney notified Attorney Lantz that the expert witness was not retained and therefore subject to Rule 26(a)(2)(C), Lantz countered with an email citing *Downey*, *supra*. Contrary to Lantz contention, *Downey* does not support his theory. Instead, *Downey* followed the principles that were set forth in *Little Hocking* case, *i.e.*

5

> *"[I]t has never been the intention of the Court to require of non-specially retained experts the reports required by Fed.R.Civ.P. 26(a)(2)(B) of specially retained experts. Rather, in connection with its nonspecially retained experts, defendant must disclose to plaintiff "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; ...* and a summary of the facts and opinions to which the witness is expected to testify." Fed.R.Civ.P. 26(a)(2)(C). However, the Court also expects defendant to make this disclosure by the date established by the Court."
>
> *"Parties expecting to proffer an expert witness who is not 'retained or specially employed to provide expert testimony' must provide" the information required under Rule 26(a)(2)(C)."*
>
> *"Rule 26(a)(2)(B) applies only to experts who are retained or specially employed for the purpose of providing expert opinion testimony."*
>
> "This disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B). Courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have. This amendment resolves a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement. An (a)(2)(B) report is required only from an expert described in (a)(2)(B)."
> (Emphasis added)

As explained above, *Downey* determined that the witness Gordinier was not retained in the plain meaning of the statute and went on to discuss the more confusing issue of a "hybrid fact/expert witness."  The issue of a non-retained witness has never been an issue of doubt. But, the issue of "hybrid fact/expert witnesses" has created tensions in the courts. The addition of Rule 26(a)(2)(C) as an amendment to Rule 26 was made to resolve this tension, see *Coleman*, *supra*, and *Allstate*, *supra*.

The concept of "hybrid fact/expert witness" was explained in the e-mail to Lantz (Exhibit E) and it was shown that the *Downey* case actually supported the position that the expert witness, Thomas, was not retained and thus, not required to provide a report.

6

Attorney Lantz responded (Exhibit F) citing the *Spears, supra,* case. The *Spears* case was another "hybrid fact/expert witness" case, only it dealt with an employee of the party, rather than a retained witness.

The first thing to note is that the *Spears* court relied heavily on *Meyers v. Nat'l R.R. Passenger Corp.,* 619 F.3d 729, 734-735 (7th Cir. 2010) for its conclusion that a treating physician must provide a written report under Rule 26(a)(2)(B), if he testifies as an expert. The *Meyers* decision has been superseded by the 2010 amendments to Rule 26(a), see *Coleman, supra,* 274 F.R.D. at 645.

The second thing to note is that the focus of Attorney Lantz was the quote,

> "It is irrelevant for purposes of Rule 26 whether an expert has been compensated for his or her testimony or simply volunteers that testimony. Nothing in the Federal Rules prohibits an expert from formulating opinions simply because the expert elected to do so on a voluntary basis. As one court aptly explained: 'Even if the witnesses are volunteers' rather than paid experts, they have been retained by Garrett to provide expert testimony, and she obliged to comply with Rule 26.' *J.A. ex rel. Abelove v. Seminole Cnty. Sch. Bd.*, 6:05 CV 975-ORL-31, 2006 WL 2927560, at *2 n.1 (M.D. Fla. Oct. 12, 2006)."

The context in which this quote appears makes it clear that it is addressing a treating physician who is not receiving compensation for his expert testimony, *i.e.* a "hybrid fact/expert witness" that the 2010 amendment to Rule 26(a) resolved by adding Rule 26(a)(2)(C) to require a summary of the expert's testimony. The quote from *Abelove* was from a footnote to a statement in the *Abelove* decision in which the court expressed difficulty. That statement was, "Unless these witnesses are fact witnesses (which, in that case, do not require a report), it is difficult for the Court to understand the value their testimony unless they are qualified as experts, and then reports should have been provided." This decision was made in 2006, four years before the 2010 amendments to Rule 26(a). Thus, it is also superseded by the Rule 26(a) amendments. In addition, the footnote and the statement appear as *dictum* without any legal support

7

whatsoever. To give the quote from *Abelove* any validity would grossly violate statutory construction.

The courts apply the "traditional tools of statutory construction" to interpret the federal rules. *See United States v. Petri*, 731 F.3d 833, 839 (9th Cir. 2013) (quoting *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 163 (1988)), *cert. denied*, 134 S.Ct. 681 (2013). "The first step in construing the meaning of a statute is to determine whether the language at issue has a plain meaning." *McDonald v. Sun Oil Co.*, 548 F.3d 774, 780 (9th Cir. 2008). **"When interpreting a statute, words and phrases must not be read in isolation, but with an eye toward the 'purpose and context of the statute.'"** *Petri*, *supra*, 731 F.3d at 839 (quoting *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 486 (2006)). **An interpretation that gives effect to every clause is generally preferable to one that does not.** *Cf. Marx v. Gen. Revenue Corp.*, 133 S.Ct. 1166, 1177 (2013). Additionally, **"[i]t is a 'cardinal rule of statutory interpretation that no provision should be construed to be entirely redundant.'"** *United States v. $133, 420.00 in U.S. Currency*, 672 F.3d 629, 643 (9th Cir. 2012) (quoting *Spencer Enters., Inc. v. United States*, 345 F.3d 683, 691 (9th Cir. 2003)) (internal quotation marks Where "the statute's language is plain" we do not consider "the legislative history or any other extrinsic material." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1042 (9th Cir. 2013) (en banc) (quoting *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 568 (2005), and *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000)). This includes *dictum* that is not supported by any legal authority. "Thus, our inquiry begins with the statutory text, and ends there as well if the text is unambiguous." *McDonald*, 548 F.3d at 780 (quoting *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004)).

Following these well settled legal principles, it is clear that any interpretation of Rule 26(a)(2)(B) that would require a report from a expert witness that was not retained would render Rule 26(a)(2)(C) superfluous, redundant and without any meaning. Accordingly, since, Lt. Harry Thomas was not retained or compensated by Plaintiff Roy Call for his expert testimony, he is not required to provide a report. Rule 26(a)(2)(C) requires a summary of his testimony, which was provided on February 10, 2014.

**C. Conclusion.**

Plaintiff Roy Call designated Lt. Harry Thomas as an expert witness and gave his summary as required by Rule 26(a)(2)(C) when the expert witness is not retained. The Defendants claim that because Lt. Harry Thomas is going to testify as an expert, he is a retained witness, whether or not he is being compensated. Plaintiff Call has shown that the plain language of Rule 26(a)(2)B) exempts Thomas from filing a report because he is not retained. Plaintiff Call had also shown that the Defendants wish to redefine and create a new meaning for the word "retained" to include a witness not paid or compensated. Neither the case law nor any statutory construction supports such a theory. For the Court to require Lt. Harry Thomas to provide a report under Rule 26(a)(2)(B), when he was not retained, would render Rule 26(a)(2)(C) superfluous, redundant and meaningless. Accordingly, this Court should reject the suggestion that an expert witness, who is not retained, must file a report under Rule 26(a)(2)(B), and instead, accept the summary of the non-retained expert witness as authorized by Rule 26(a)(2)C).

Respectfully submitted on this 7th day of April, 2014

/s/ Charles E. McFarland
Charles E. McFarland (0031808)
Attorney at Law
338 Jackson Rd.
New Castle, Kentucky 40050
(502) 845-2754
mcfarlandc@bellsouth.net

**Certificate of Service**

The undersigned does hereby certify that service of the brief supporting Plaintiff Roy Call's position that an expert witness is not required to file a report when he is not retained sent via e-mail on April 7, 2014 to the e-mails addresses of klantz@sdtlawyers.com; dfrick@sdtlawyers.com; and jturner@sdtlawyers.com, which are located at the at the following respective addresses for the Defendants' attorneys.

Kevin A. Lantz,
Counsel for the Defendants
 SURDYK, DOWD & TURNER,
        CO., L.P.A
One Prestige Place, Suite 700
Miamisburg, Ohio 45342

Dawn M Frick
Counsel for the Defendants
 SURDYK, DOWD & TURNER,
        CO., L.P.A
One Prestige Place, Suite 700
Miamisburg, Ohio 45342

Jeffery C. Turner
Counsel for the Defendants
 SURDYK, DOWD & TURNER,
        CO., L.P.A
One Prestige Place, Suite 700
Miamisburg, Ohio 45342

/s/ Charles E. McFarland
Charles E. McFarland (0031808)